**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

JOHN MILLER
6240 J Glen Valley Terrace
Frederick, Maryland  21701
(Frederick County)

VIRGINIA GRANT
6117 Brookhaven Drive
Frederick, Maryland  21701
(Frederick County)

KATHY TROXELL
6715 Millime Court
New Market, Maryland  21774
(Frederick County)

ROBERT BOGLEY
6601 East Lakeridge Road
New Market, Maryland  21774
(Frederick County)

   *Plaintiffs*,

v.                         Civil Action No. 14-3346

FREDERICK COUNTY BOARD OF ELECTIONS
The Bourne Building
355 Montevue Lane, Suite 101
Frederick, Maryland  21702
(Frederick County)

MARYLAND STATE BOARD OF ELECTIONS
151 West Street, Suite 200
Annapolis, Maryland  21401
(Anne Arundel County),

   *Defendants*.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**I. PARTIES**

  1. Plaintiffs are citizens of Maryland and residents of Frederick County who are registered to vote at their current residential addresses in Frederick County. As evidenced by the attached declarations constituting Exhibit "A" to this Complaint, Plaintiffs plan to vote in the general election scheduled for November 4, 2014. Plaintiffs have a legally protectable interest in

defending their right to vote without having their lawful votes diluted or cancelled by votes cast by individuals not lawfully entitled to vote.

2.  Defendant Frederick County Board of Elections is responsible for administering elections in Frederick County, Maryland.

3.  Defendant Maryland State Board of Elections was created in 1969 (under the name State Administrative Board of Election Laws, later changed to State Board of Elections) to ensure compliance with the requirements of Maryland and federal election laws by all persons involved in the election process. In carrying out that mission, the State Board collaborates with the county boards of elections.

## II.   JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 because Defendants, acting under color of Maryland state law, are subjecting Plaintiffs, and/or causing Plaintiffs to be subjected, to the deprivation of their rights under the Constitution of the United States and the constitution and laws of the State of Maryland to have their votes counted properly in Maryland state and federal elections by allowing individuals who have admitted they are not U.S. citizens to vote.

5.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 2201 because Plaintiffs seek a declaratory judgment regarding the eligibility of certain voters and an actual controversy exists between the parties over whether those voters are eligible.

6.  Venue is proper in the Baltimore Division because (a) Defendant Frederick County Board of Elections resides in the Baltimore Division (28 U.S.C. § 1391(b)(1)) and (b) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Frederick County within the Baltimore Division (28 U.S.C. § 1391(b)(2)).

III.   FACTS

   A.   **Maryland Voter Qualifications**

   7.   Maryland Election Code § 3-102 provides that, with certain exceptions not germane here,[1] an individual may register to vote if that individual (a) is a U.S. citizen, (b) is at least 16 years old, (c) is a resident of Maryland as of the day the individual seeks to register, and (d) registers to vote pursuant to the Maryland Election Code.

   8.   Pursuant to the Election Code, the Maryland Voter Registration Application form (blank copy attached hereto as Exhibit "B") notes in three different places that a person registering to vote must be a U.S. citizen, and a person completing the application declares under penalty of perjury that, *inter alia*, he is a U.S. citizen.

   B.   **Maryland Juror Qualifications**

   9.   Pursuant to the Maryland Courts and Judicial Proceedings Code § 8-103, an individual qualifies for jury service in Maryland state court only if the individual is at least 18 years old as of the day of selection as a prospective juror, is a U.S. citizen, and resides in the county (or Baltimore City) in which the jury service would occur.

   10.   Under Maryland law, the state courts use the statewide voter registration list, the Motor Vehicle Administration's lists of people with driver's licenses and non-driver identification cards, and sometimes other lists to obtain the names of prospective jurors. Accordingly, because non-citizens may obtain Maryland driver's licenses, the courts send a Juror Qualification Form to all prospective jurors to help determine whether those individuals are qualified to serve on a jury.

   11.   The Juror Qualification Form asks whether the recipient is a U.S. citizen; if the answer is in the negative, at least some counties ask the recipient to provide a legal copy of a

---

[1] The exceptions involve situations in which someone under age 18 may vote in certain primary elections.

green card, visa, or foreign passport. Plaintiffs do not know whether all counties require such proof of non-citizen status. A non-citizen is automatically disqualified from jury service.

12. A person completing the Juror Qualification Form declares under penalty of perjury that the information provided thereon is accurate.

### C. Some Individuals Stricken from the Frederick County Juror Pool as Non-Citizens Are Nevertheless Registered to Vote.

13. Plaintiffs learned, upon anecdotal evidence, that at least some registered voters in Maryland were not U.S. citizens as required by law. In an effort to ascertain the accuracy of that anecdotal information, some third parties (not parties to this lawsuit) sent FOIA requests to multiple Maryland counties and, as a result of those requests, the third parties obtained lists from the Frederick County Circuit Court identifying the names and addresses of all individuals who notified the Frederick County Jury Commissioner's office that they were not U.S. citizens at the time they were summoned to appear for jury duty in that court between January 1, 2004, and December 31, 2011.

14. The third parties also obtained lists from the Frederick County court showing the voter registration status for some (though not all) of the individuals identified on the 2007, 2008, and 2011 non-citizen listings.

15. A comparison of the lists revealed that some individuals who were disqualified from jury service in Frederick County in 2007, 2008, 2010, and 2011 are nevertheless registered to vote in Frederick County.

16. As attested to in the declaration of counsel attached hereto as Exhibit "C," copies of the voter registration lists referred to in Paragraph 14 are attached hereto as Exhibits "D" through "F" and copies of the "disqualified non-citizen juror" lists referred to in Paragraph 13

are attached hereto as Exhibits "G" through "J."[2] The handwritten notations on Exhibits "G" through "J" were made by the individuals who compared the documents to ascertain whether anyone appeared on both the "non-citizen" lists and the "registered voter" lists.

17.     By way of example only, the second page of Exhibit "J" lists a Stella Appiah of Frederick as being disqualified from jury service as a non-citizen. The first page of Exhibit "F" lists a Stella Appiah (a/k/a Appiah-Kubi) with the same mailing address in Frederick as possessing an active voter registration, and the document further indicates she voted in 2004, 2006, and 2008.

18.     Upon information and belief, the individuals disqualified from jury service based on non-citizenship who nevertheless possessed active voter registrations as of 2011 could have voted in the 2012 election and may vote in the upcoming 2014 general election, which includes an election for governor. Expedited discovery would allow for ascertainment of whether any of the individuals who admitted to being non-citizens for jury purposes remain on the Frederick County voter rolls.

## IV.   CAUSE OF ACTION: VOTE DILUTION

19.     Defendants' actions in allowing individuals who have declared under penalty of perjury that they are not U.S. citizens in order to be excused from jury duty to remain on the Maryland voter rolls violates Plaintiffs' right to due process and equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution because said actions allow Plaintiffs' lawful votes, cast as properly registered voters, to be diluted or cancelled by votes cast by people unauthorized to vote under Maryland law.

---

[2] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, the "Date of Birth" column has been redacted. While Rule 5.2 allows the inclusion of a birth year, the lists' formatting makes it impractical to redact only the month and day from the birthdates.

20. 42 U.S.C. § 1983 provides that any person acting under color of state law who deprives a citizen of the United States of any federal right, privilege, or immunity "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …."

21. Defendants, in their official capacities, are persons under 42 U.S.C. § 1983.

22. All Defendants' actions complained of herein in allowing ineligible individuals to maintain active voter registration status in Maryland have been taken under color of state law.

23. Defendants have violated Plaintiffs' rights under both Maryland state law and the Fourteenth Amendment of the U.S. Constitution as set forth above and in violation of 42 U.S.C. § 1983.

24. Election Day in 2014 falls on November 4, which is less than two weeks away as of the date of this complaint. However, the early-voting period for the 2014 election began at 10:00 AM on Thursday, October 23, and runs through 8:00 PM on Thursday, October 30. Because early voting is conducted via touchscreen voting machines in the same manner as votes cast on Election Day, there is no way to determine, after the fact, what votes were cast by people ineligible to vote, and there is no way to cancel such votes. Accordingly, Plaintiffs face imminent irreparable harm if unauthorized voters are allowed to participate in the 2014 election.

25. Plaintiffs are entitled to a declaratory judgment that any individual who has requested exclusion from jury service on the basis of non-citizenship is ineligible to vote in Maryland by virtue of said individuals' admitted status as non-citizens.

26. Plaintiffs are further entitled to injunctive relief directing Defendants to remove any individual who has requested exclusion from jury service on the basis of non-citizenship from the list of registered voters in Maryland and further directing Defendants to ensure such

individuals are not permitted to vote in the 2014 general election, either on Election Day, via early voting, or via absentee ballot.

27. As an incident of bringing and maintaining this action, Plaintiffs have incurred and will continue to incur litigation costs and are entitled, pursuant to 42 U.S.C. § 1988, to an award of reasonable attorneys' fees as part of their costs in bringing this action.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court:

1. Declare that Defendants have violated the Maryland Election Code and the Fourteenth Amendment to the U.S. Constitution by allowing individuals who have admitted they are not U.S. citizens to maintain active voter registrations in Maryland;

2. Declare that Defendants have violated 42 U.S.C. § 1983 by virtue of said acts;

3. Preliminarily and permanently enjoin Defendants, their agents, their successors in office, and all persons acting in concert with them from allowing admitted non-citizens to maintain active voter registrations and/or to vote in Maryland elections;

4. Grant an order expediting discovery to require Defendants to produce a current list of all registered voters in Frederick County, together with lists showing all individuals excused from jury service in Frederick County in 2012, 2013, and 2014 (to date), so as to allow for a comparison of the current Frederick County voter rolls with the records of all individuals who have claimed non-citizen status when called for jury duty in Frederick County during the past ten years;

5. Award Plaintiffs reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

6. Award such other relief as the Court deems just and proper.

DATED:      October 24, 2014                    Respectfully submitted,

                                                /s/_____
                                                Daniel M. Gray, Esq.
                                                Member, Maryland Bar
                                                Law Offices of Daniel M. Gray, LLC
                                                7617 Virginia Avenue
                                                Falls Church, VA 22043
                                                Tel. (703) 204-0164
                                                Fax (703) 204-1449

                                                *Counsel for Plaintiff*